UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

2012 MAY 25 P 3 55

U.S. DISTRICT ~~~~
DISTRICT OF ~~~~

JULIET DUCO

VS.

C.A.NO.:

**CA12- 400** M

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMs, INC., ALIAS,
BANK OF AMERICA, NA, BAC HOME
LOANS SERVICING, LP AND FEDERAL
HOME LOAN MORTGAGE
CORPORATION, ALIAS AND
JOHN DOE, ALIAS

COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES
AND INJUNCTIVE RELIEF PURSUANT TO THE
PROVISIONS OF §9-30-1, et. seq. of THE GENERAL LAWS
OF THE STATE OF RHODE ISLAND

Plaintiff, Juliet Duco, by her Attorney complains of Defendants as
follows:

COUNT I
DECLARATORY JUDGMENT

1.    Plaintiff, Juliet Duco is a resident of the State of Rhode Island with an
address of 8 Delaware Avenue, Warwick, Rhode Island. Plaintiff owns said
real estate located at 8 Delaware Avenue, Warwick, Rhode Island.

2.    Defendant, John Doe is any entity, which has an interest in the
Plaintiff's mortgage and/ or promissory note.

3.    Defendant, Bank of America, N.A. ("BOA") claims to be the owner
of Plaintiff's Mortgage. It is a National bank which claims to be a loan
servicer for Plaintiff.  Defendant BAC Home Loans Servicing, LP ("BAC")
claims to have been the prior servicer for Plaintiff's mortgage.

4.     Federal Home Loan Mortgage Corporation ("Freddie Mac") claims to own Plaintiff's Note.

5.      Defendant, Mortgage Electronic Registration Systems, Inc., ("MERS"), is a Delaware Corporation.  It is not licensed to do business in the State of Rhode Island.

6.     GN Mortgage, LLC ("GN") is a Limited Liability Company which was the nominal originator of Plaintiff's loan. It was a subprime lender.

7.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1332 (diversity jurisdiction) as the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are foreign Corporations based outside of the State of Rhode Island.

8.     The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

9.     All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

10.     This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

    a.     The provisions of R.I.G.L. §8-2-14 and R.I.G.L. §8-2-13, grant this Court jurisdiction over questions of law and equity. The Plaintiff is asking this Court, inter alia, to restrain the certain defendants from taking adverse action on the subject property owned by the Plaintiff at 8 Delaware Avenue, Warwick, Rhode Island.

    b.     The provisions of the Declaratory Judgment Act, R.I.G.L. 9-30-1 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, assignments, powers of attorneys, and deed.  Plaintiff asks that the alleged assignment of mortgage be declared invalid and that the Court decide that the mortgage and note are not held by any of the Defendants and that said Defendants lack standing to enforce the note or to foreclose on the mortgage.

11.   Exhibit A is a copy of the mortgage executed by Plaintiff to MERS as nominee for GN Mortgage on October 24, 2007.

12.   On about August 10, 2011, Defendants BOA and MERS and Freddie Mac prepared a fraudulent purported assignment of mortgage and note from MERS to BAC Home Loans Servicing, LP ("BAC") (See attached Exhibit B).  This fraudulent document was prepared and executed in order to create the false illusion that BAC owned the mortgage and note.  The basis for this allegation of the creation of a fraudulent assignment are the following facts:

   a.   MERS never held the note payable to GN Mortgage. This assignment did not convey the note, which is impossibility.  By the terms of the attached mortgage, MERS was merely the nominee, and agent for GN Mortgage.  MERS was unable by the terms of the mortgage and by its own rules, regulations and by-laws act on its own behalf.  Thus the assignment by MERS itself was not only a fraudulently created document, but was also a nullity.  It was also void as it did not conformed to RIGL 11-34-24, as the mortgage was assigned without the mortgage.

   b.   Edward Gallegos is not and has never been an employee or validly authorized Assistant Secretary of MERS.  He is and has been an employee of BOA. She is not legally authorized to sign any document on behalf of MERS. Edward Gallegos did not sign the alleged assignment of mortgage.

   c.   No corporate resolution, naming Edward Gallegos as Assistant Secretary of Mortgage Electronic Registration Systems, Inc. was made MERS and he was not authorized to act on behalf of MERS pursuant to purported MERS regulations, alleged to be in effect at the time of the execution of the alleged assignment.

   d.   The By-Laws of the Corporation Mortgage Electronic Registration Systems, Inc. have never authorized the secretary of MERS to appoint any certifying authorizing officer.

e.    Pursuant to its By-Laws, only the Board of Directors of MERS can appoint officers of MERS. Edward Gallegos was never appointed an officer of MERS.

f.    The original mortgage on this property was held by MERS as Nominee for GN Mortgage, which held the note. Thus MERS, which never held the note, did not have the authority or ability to assign it with the mortgage.

g.    Edward Gallegos is not and has never been an employee or validly authorized Assistant Vice President of MERS. He is and has been an employee of BOA and BAC . He has never been legally authorized to sign any document on behalf of MERS. His purported signature appears regularly in the land evidence records of various cities and towns throughout the United States as a robosigner for Freddie Mac. A robosigner is a person who allows his or her name to be affixed on documents, which purport to convey interest in land, specifically a mortgage, with no authority to sign said documents. As a result, an alleged mortgage assignment was not duly executed pursuant to the provisions of RIGL 34-11-24 and is void. This action, purportedly taken by Edward Gallegos was made in violation of RIGL 11-33-4.

h.    The document referred to as an assignment allegedly signed by Edward Gallegos was designed to create the illusion of standing to allow BAC to claim nominal ownership of the loan even though the Note and Mortgage were sold through a Freddie Mac securitization. Defendant needed to create a purported authorized party to sign the alleged assignment to allow BAC and now Bank of America to seek to foreclose on the loan. Thus this fraudulent and void assignment, without basis or authorization, was created.

i.    The Freddie Mac website indicates that Freddie mac owns plaintiff's loan. A copy of the Freddie Mac Lookup for Plaintiff's loan is attached as Exhibit C.

j.    MERS was aware that Freddie Mac claimed ownership of Plaintiff's loan. A copy of the MERS Servicer and Investor

Identification from the MERS website is attached as Exhibit D. It indicates that Freddie Mac is the investor for plaintiff's loan. This information was the result of BAC and Bank of America inputting the data into the MERS database. Thus BOA, BAC, Freddie Mac and MERS knew that the assignment was fraudulent and that BOA and BAC had no interest in either the note or the mortgage.

k.    As a result of this void and unauthorized document purporting to be an assignment, the Defendants lacked any standing, are not the real party in interest and were not proper parties to foreclose or enforce the original mortgage or note.

13.    Plaintiff never received any default letter from the owner of the note and the mortgage and any alleged foreclosure proceedings were invalid. No notice was sent to the Plaintiff pursuant to law and to the terms of the mortgage. Rhode Island law and the terms of the mortgage mandate that prior to commencing a foreclosure by a default letter and power of sale, a party actually owns the note and the mortgage by way of transfer and/or assignment.

14.    The Defendants lack standing to foreclose, to assign the mortgage, to transfer the note or otherwise enforce the note or the mortgage. MERS lacked authority to assign the mortgage under the terms of the mortgage. Any authority to assign required the direct authority of its principal, GN Mortgage. As a nominee it lacked the ability to assign this mortgage without said authority. Such authority was not given to MERS by GN Mortgage or any other entity.

15.    The Defendants did not possess and do not own the note and the mortgage and the mortgage and note were never transferred to the trust pursuant to law.

16.    The Defendants do not own the note or the mortgage nor have valid transfers and assignments of each occurred. The note is not payable to BOA or BAC nor is it payable to Freddie Mac itself.

17.    As a result, the Defendants lack standing to enforce the note or the mortgage.

## COUNT II
## INJUNCTIVE RELIEF

18.     Paragraphs 1-17 are incorporated by reference.

19.     Defendants scheduled an illegal foreclosure sale. Neither an acceleration Notice nor valid default letters have been sent to the Plaintiff, contrary to the terms of the Mortgage.

20.     The Plaintiff requires a Mandatory Injunction and Preliminary Injunction against all defendants to cease any attempts to commence or continue an illegal foreclosure action.

21.   BOA, BAC and MERS and Freddie Mac have no interest in the property, the mortgage or note and, thus have no standing to foreclose upon the mortgage of the Plaintiff or to enforce the note or to assign the mortgage or transfer the note.

22.     Plaintiff is being irreparably harmed by the illegal collection actions of all the Defendants.

23.     The Plaintiff has no other remedy at law but to seek the relief requested herein.  Equity favors the Plaintiff as she has no adequate remedy at law.

## COUNT III
## FACTS AND COMPLAINT TO QUIET TITLE AND FOR DAMAGES

24.     Paragraphs 1-23 are incorporated by reference.

25.     On October 24, 2007, the Plaintiff executed a promissory note in favor of GN Mortgage.

26.     On even date, Plaintiff executed a defective mortgage naming GN Mortgage as the Lender, with MERS as a Nominee/Mortgagee, which also contained language relative to the statutory Power of Sale. A copy is attached as Exhibit A.

27.     On the face of the Note, GN Mortgage is clearly designated as the Lender.

28.    On August 10, 2011, an alleged assignment, which was legally ineffective and void was allegedly made from a person known as Edward Gallegos, purportedly on behalf of MERS, as Mortgagee. On information and belief, Edward Gallegos is not and has never been an employee or officer of GN Mortgage or of MERS. This purported assignment does not indicate whether the signer is signing under corporate resolution and has authority to execute said assignment of mortgage nor does it affix a corporate seal. The purported assignment of mortgage was signed by a person without any authority to sign on behalf of either GN Mortgage or MERS and thus was not duly executed pursuant to the provisions of RIGL 34-11-24.

29.    The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by Juliet Duco.  The terms of the mortgage specify that only the Lender may invoke the Power of Sale.

30.    The mortgage does not state anyway that the mortgagee or its assigns may invoke the Statutory Power of Sale.

31.    RIGL 34-11-21 identifies the Mortgagee and the Lender as the same party.

32.    The Lender never invoked the statutory of sale in this matter.

33.    The Lender never mailed a notice of sale to the Borrower.

34.    The Lender never published the notice of sale.

35.    The Foreclosure Sale which is scheduled for May 8, 2012, was not noticed by the owner of the mortgage and the party entitled to enforce the Note.

36.    The Notice of sale is defective.

37.    Neither BOA, BAC nor MERS nor Freddie Mac are the lenders in regard to this matter and, pursuant to RIGL 34-11-22 have no statutory authority to foreclose.

38.    BOA, BAC and Freddie Mac, which are not the Lender, wrongly published the notice of sale without contractual or statutory authority.

39.    The actions taken by BOA, BAC and Freddie Mac are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been, the Lender as defined by both the note and the mortgage.

40.    The foreclosure scheduled has not been noticed or scheduled or advertised as required by the Note and Mortgage and Statute.

41.    To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter of the law.

42.    The pending foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

43.    MERS had no standing to assign to BAC.

44.    BOA, BAC and Freddie Mac lack standing to foreclose.

45.    The Lender in this case was the only party authorized to invoke the Power of Sale in the mortgage, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

46.    The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

47.    This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Court.

48.    This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

WHEREFORE, Plaintiff prays that this Court:

A.    Issue a Declaratory Judgment determining that the note and mortgage is not vested in BOABAC, MERS or Freddie Mac.

B.    Issue a Declaratory Judgment that any assignment from MERS is invalid and void as a matter of law.

C.    Issue a Declaratory Judgment that neither Freddie Mac, BAC, MERS nor BOA own or hold a secured claim in regard to the property owned by the Plaintiff, located at 8 Delaware Avenue, Warwick, Rhode Island.

D.    Issue a Declaratory Judgment that neither Freddie Mac, BAC nor BOA own or hold the promissory note executed by Plaintiff to GN Mortgage.

E.    Issue a Declaratory Judgment that any foreclosure proceedings previously conducted against the Plaintiff have been invalid and that any costs and legal fees allegedly incurred by Defendants shall not be charged against the Plaintiff.

F.    Preliminarily and permanently restrain and enjoin all of the Defendants from commencing any further foreclosure actions, eviction action or collection action against the Plaintiff.

G.    Issue a Preliminary and Permanent Injunction against all of the Defendants from commencing any further or collection action against the Plaintiff including but not limited to the Eviction Action.

H.    Issue an Order to Quiet the Title of the Plaintiff and order  that the mortgage executed to MERS as nominee for GN Mortgage is void and order same discharged.

I.    Preliminarily and Permanently Restrain and  Enjoin MERS, BAC, BOA and Freddie Mac from executing any further assignments of the original mortgage.

J.      Issue a Declaratory Judgment that the assignment of the mortgage referenced in this Complaint was not made by a corporate officer with requisite corporate authority pursuant to law.

K.      That Plaintiff be awarded Compensatory and punitive damages, attorney fees and costs against all defendants jointly and severally for wrongful foreclosure and for creating fraudulent documents.

L.      Award such other relief as this Court deems just and proper.


                              JULIET DUCO
                              By her Attorney

May 25, 2012

                              _____
                              JOHN B. ENNIS, ESQ. #2135
                              1200 Reservoir Avenue
                              Cranston, Rhode Island 02920
                              (401) 943-9230